Matter of Wlock v King (2020 NY Slip Op 02019)





Matter of Wlock v King


2020 NY Slip Op 02019


Decided on March 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, CURRAN, AND TROUTMAN, JJ.


1203 CAF 18-02136

[*1]IN THE MATTER OF TRICIA WLOCK, PETITIONER-APPELLANT,
v
MICHAEL JOSEPH KING, JR., AND GIOVANNA ROSE SICILIANO, RESPONDENTS-RESPONDENTS. (APPEAL NO. 1.) 






BOUSQUET HOLSTEIN PLLC, SYRACUSE (RYAN S. SUSER OF COUNSEL), FOR PETITIONER-APPELLANT.
KOSLOSKY & KOSLOSKY, UTICA (WILLIAM L. KOSLOSKY OF COUNSEL), FOR RESPONDENT-RESPONDENT GIOVANNA ROSE SICILIANO.
SCOTT A. OTIS, WATERTOWN, ATTORNEY FOR THE CHILD. 
 


 Appeal from an order of the Family Court, Oneida County (Julia Brouillette, J.), entered October 2, 2018 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, dismissed the amended petition for custody. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner, the ex-girlfriend of respondent mother, commenced this proceeding by filing a petition seeking visitation with the biological child of the mother and respondent father, which was superseded by an amended petition seeking, inter alia, custody of the child. Petitioner and the mother began their romantic relationship after the mother was already pregnant with the child. That relationship continued for almost three years, until May 2017, when the mother moved out of their residence. The father was incarcerated prior to the birth of the child and remained incarcerated until October 2017. His paternity of the child was established during that time, and he and the mother agreed in February 2017 that the mother would have sole custody of the child. He began visiting the child upon his release from incarceration. Petitioner commenced this proceeding in June 2017, and the mother moved to dismiss the amended petition based on lack of standing. Petitioner opposed the motion, arguing that she had standing pursuant to Matter of Brooke S.B. v Elizabeth A.C.C. (28 NY3d 1 [2016]) under an equitable estoppel theory. The Court Attorney Referee issued a report and recommendation that found that equitable estoppel was potentially applicable to the case and denied the motion, and Family Court issued an order confirming that report and recommendation.
After a trial, the Referee found that petitioner established standing under equitable estoppel inasmuch as the mother created, fostered, furthered, and nurtured a parent-like relationship between petitioner and the child. The Referee further found that the father also fostered that relationship through his inaction inasmuch as he had no contact with the child until after petitioner's amended petition was filed and did not provide financial support for the child. The Referee found that equitable estoppel could be used to create a three-parent arrangement. Upon the return of the Referee's posttrial report and recommendation, the court rejected that report and recommendation and concluded that petitioner did not have standing. Petitioner now [*2]appeals from an order dismissing the amended petition. We affirm.
Initially, we reject petitioner's contention that the court was bound to apply equitable estoppel as the law of the case because it had denied the mother's motion to dismiss. The motion to dismiss was in a different procedural posture from a determination made after a trial, and the court was not precluded from coming to a different conclusion after the trial (see Matter of K.G. v C.H., 163 AD3d 67, 77 [1st Dept 2018]; Bodtman v Living Manor Love, Inc., 105 AD3d 434, 434 [1st Dept 2013]). On the merits, we reject petitioner's contention that equitable estoppel applies to grant her standing. As we explain in Matter of Tomeka N.H. v Jesus R. (— AD3d &mdash, — [Mar. 20, 2020] [4th Dept 2020]), while an equitable estoppel argument is a logical extension of Brooke S.B., the doctrine must be considered within the confines of Domestic Relations Law § 70 (see generally K.G., 163 AD3d at 79). By the use of the phrase "either parent" in section 70, the legislature has limited standing under that statute to only two parents at any given time; the statute simply does not contemplate a court-ordered tri-custodial arrangement (see Tomeka N.H., — AD3d at — Matter of Shanna O. v James P., 176 AD3d 1334, 1335 [3d Dept 2019]). Here, the child already has two legally recognized parents, i.e., the mother and the father, and thus petitioner cannot establish standing under that statute.
Entered: March 20, 2020
Mark W. Bennett
Clerk of the Court